UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALESHA T. FULLER,

        Plaintiff,

        -v-                     5:25-CV-101

PROCARE LTC, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

ALESHA T. FULLER
Plaintiff, *pro se*
617 Hickory Street #B
Syracuse, NY 13203

DAVID N. HURD
United States District Judge

# ORDER ON REPORT & RECOMMENDATION

On January 22, 2025, plaintiff Alesha T. Fuller ("plaintiff"), acting *pro se*, commenced an action against defendants ProCare LTC/Clarest Health ("ProCare"), Jayson Steere, Bob Battaglia, and Kathy Battaglia (collectively, "defendants") pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII") and 42 U.S.C § 1983.[1]  Dkt. No. 1.  That same day, plaintiff also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2. Thereafter, plaintiff filed a motion seeking permission to file documents electronically via ECF.  Dkt. No. 4.

On March 19, 2025, U.S. Magistrate Judge Thérèse Wiley Dancks conducted an initial review of plaintiff's complaint and IFP Application pursuant to 28 U.S.C. § 1915.  Dkt. No. 7.  Judge Dancks first advised by Report & Recommendation ("R&R") that plaintiff's IFP Application be denied.[2]  *Id.*  Judge Dancks further recommended that plaintiff's complaint should be dismissed in its entirety with leave to amend for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). *Id.*  Specifically, Judge Dancks advised that, insofar as plaintiff intended to bring a claim under § 1983, there were no allegations contained in the complaint that any named defendants were acting under color of state law.[3] *Id.* at 8. Next, with respect to plaintiff's Title VII claims, Judge Dancks advised that: (1) plaintiff failed to allege that her employer mistreated her as

---

[1] As discussed *infra*, even when construing plaintiff's complaint liberally, it is unclear specifically what causes of actions are being alleged.

[2] Upon review of plaintiff's IFP Application, Judge Dancks concluded that she was not persuaded that plaintiff is unable to pay the cost of these proceedings or that payment of the filing fee would constitute a financial hardship for plaintiff.  Dkt. No. 7 at 3.

[3] Instead, Judge Dancks found that the defendants appear to be one private business and three individual private parties.  This Court agrees.

a byproduct of her race, color, sex, or national origin; and (2) that Title VII cannot be brought against any individual defendants. *Id*. Judge Dancks further recommended that, where plaintiff has alleged any causes of action under state law, that this Court decline to exercise supplemental jurisdiction if all claims over which a federal court would have jurisdiction are dismissed. *Id*. at 9–10. Finally, Judge Dancks also denied plaintiff's motion to file documents electronically in ECF without prejudice. *Id*.

Plaintiff has not lodged objections and the time period in which to do so has expired. *See* Dkt. No. 7. Upon review for clear error, Judge Dancks' R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 7) is ACCEPTED and ADOPTED in all respects;

2. Plaintiff's IFP Application (Dkt. No. 2) is DENIED;

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii);

4. Plaintiff may file an amended complaint which cures the pleading defects identified in Judge Dancks' R&R;

5.  Plaintiff shall have thirty (30) days in which to file an amended complaint[4] that conforms with the instructions set forth both in Judge Dancks' R&R and this Order and pay the filing fee of $405.00 if they wish to proceed in this action;

6.  If plaintiff chooses not to file an amended complaint and pay the filing fee of $405.00 at the expiration of this thirty (30) day period, the Clerk of the Court is directed to enter a judgment dismissing this action without further Order of the Court; and

7.  The Clerk of the Court is directed serve a copy of this Order on plaintiff by regular mail.

The Clerk of the Court is directed to terminate the pending motions.

IT IS SO ORDERED.

---

[4] The amended complaint must comply with Federal Rules of Civil Procedure ("Rules") 8 and 10. Plaintiff must set forth all of the claims she intends to assert and must demonstrate that a case or controversy exists between her and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction. Plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts. Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)). Any exhibits that Plaintiff wishes the Court to consider going forward, including her right-to-sue letter, must be attached to the amended complaint. Piecemeal pleadings are not permitted. *See* Dkt. No. 6.

*David N. Hurd*
U.S. District Judge

Dated: April 10, 2025.
Utica, New York.